John Paul MASTERS, Jr., Appellant,

v.

Warden STEVENS, F.C.I., Sandstone, Minnesota, Appellee.

No. 18189.

United States Court of Appeals Eighth Circuit.

March 18, 1966.

John Paul Masters, Jr., pro se.

Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, MEHAFFY and GIBSON, Circuit Judges.

PER CURIAM.

This is the third time that petitioner has been before this court in connection with this case. See, Masters v. United States, 351 F.2d 105 (8 Cir. Oct. 7, 1965), where we affirmed the judgment of con-viction; Masters v. Eide, 353 F.2d 517 (8 Cir. Dec. 2, 1965), where we affirmed the denial, by the United States District Court for the Southern District of Iowa, of a petition for writ of habeas corpus. We are now presented with an appeal from the order of the United States District Court of Minnesota, denying another petition for writ of habeas corpus. This petition was denied on July 7, 1965, on the ground that the appeal from the conviction was still pending before our court.

The threshold question for determination, presented by appellee's motion to dismiss, is whether this appeal has been mooted by the transfer of appellant from the Federal Correctional Institution in Sandstone, Minnesota, to the United States Penitentiary in Terre Haute, Indiana, where he is presently detained. We note, parenthetically, that, at the time the petition was filed in the district court, appellant was properly within the jurisdiction of that court and within the custody of the appellee, Warden of the Minnesota institution. Subsequently, appellant was transferred from the Sandstone Minnesota, institution to the Federal Penitentiary at Terre Haute, Indiana, in another district and circuit, where he is now confined.

There is no indication in the record, nor intimation by appellant, that his removal from the Sandstone, Minnesota, institution was effectuated in evasion of the habeas corpus proceeding. Ex parte Endo, 323 U.S. 283, 304, 65 S.Ct. 208, 89 L.Ed. 243 (1944).

Thus, it is clear that appellant is no longer within the custody of the Warden of the Sandstone, Minnesota, institution, or any appropriate respondent within the jurisdiction of the court. This being the situation, the teachings of the Supreme Court in Ex parte Endo, supra, are applicable, and the appeal must be dismissed as moot. See also, United States ex rel. Innes v. Crystal, 319 U.S. 755, 63 S.Ct. 1164, 87 L.Ed. 1708 (1943); and compare, Jones v. Cunningham, 371 U.S. 236, 241–244, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). It is so ordered.