Daniel Clifton SHARP, Petitioner,

v.

Dr. Pasquale J. CICCONE, Warden,
Appellee.

No. 18250.

United States Court of Appeals
Eighth Circuit.

May 13, 1966.

B. H. Clampett, Springfield, Mo., for appellant.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before MATTHES and GIBSON, Circuit Judges, and HUNTER, District Judge.

PER CURIAM.

This is an appeal from an order denying, without a hearing, an application for a writ of habeas corpus. The application for the writ of habeas corpus was filed in the United States District Court for the Western District of Missouri on November 22, 1965, and the application was denied on November 24, 1965. The grounds given for the denial were that appellant in his application for the writ of habeas corpus stated that the exact grounds upon which the application was based were previously raised in a motion brought under Section 2255, Title 28 United States Code filed in the sentencing court where appellant was represented by counsel, and were overruled. The notice of appeal was filed December 10, 1965.

The named respondent in the application for the writ is Pasquale J. Ciccone, Warden, in charge of the Medical Center for Federal Prisoners located at Springfield, Missouri.

Daniel Clifton Sharp, appellant, was sentenced on April 8, 1963, in the United States District Court for the Southern District of Mississippi after conviction upon his plea of guilty to a charge of violating Section 2312, Title 18, United States Code, in transporting interstate a stolen motor vehicle from Pensacola, Florida, to Hattiesburg, Mississippi. The sentence imposed committed appellant to the custody of the Attorney General of the United States for an indeterminate sentence under the provisions of Section 5010(b), Title 18, United States Code, the Federal Youth Corrections Act.

Appellant commenced service of his sentence at the Federal Reformatory in El Reno, Oklahoma, and thereafter was transferred to the Federal Institution at Lompoc, California. From there he was transferred on December 10, 1964, to the Medical Center for Federal Prisoners at Springfield, Missouri.

On January 18, 1966, appellant was released from the Medical Center by reason of parole and went to his home of record at Yucaipa, California. We are advised he has been assigned to the supervision of the Chief United States Probation Officer at Los Angeles, California, until April 7, 1969, unless supervision is sooner terminated by the United States Board of Parole.

At the outset we are confronted with the question of whether this appeal has been mooted by the removal of appellant from the Medical Center located in Springfield, Missouri, and from the custody of appellee, Warden of the Missouri institution to his California address where for parole purposes he is in the custody of the United States Probation Officer at Los Angeles. Essentially, this is the same kind of question we ruled on March 18, 1966, in the case of Masters v. Stevens, 8 Cir., 357 F.2d 433. In that case we noted that appellant was within the jurisdiction of the district court and of the warden of the confining institution when the petition for writ of habeas corpus was filed and later had been transferred to another district and circuit and to the custody of another person with no intimation or claim that his removal was effectuated in evasion of the habeas corpus proceeding. See, Ex Parte Endo, 323 U.S. 283, 304, 65 S.Ct. 208, 89 L.Ed. 243.

In the case before us there is no intimation or suggestion from any source that the placing of appellant on parole at his given home address in the State of California under the United States Probation Officer at Los Angeles was effectuated in evasion of the habeas corpus proceeding. In the *Masters* case we said what we believe is equally applicable and controlling in the instant case, namely: "Thus, it is clear that appellant is no longer within the custody of the Warden of the Sandstone, Minnesota, institution, or any appropriate respondent within the jurisdiction of the court. This being the situation, the teachings of the Supreme Court in Ex Parte Endo, supra, are applicable, and the appeal must be dismissed

as moot. See also, United States ex rel. Innes v. Crystal, 319 U.S. 755, 63 S.Ct. 1164, 87 L.Ed. 1708 (1943); and compare, Jones v. Cunningham, 371 U.S. 236, 241–244, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)."

Accordingly, the appeal is hereby dismissed.