**Marvin OPHEIM, Appellant,**

v.

**H. P. CAMPBELL, Sheriff, Leavenworth County, Kansas, Appellee.**

**No. 9301.**

United States Court of Appeals Tenth Circuit.

Nov. 2, 1967.

Rehearing Denied Dec. 5, 1967.

John K. Dear, Kansas City, Kan., for appellant.

Jon K. Sargent, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen., and Daniel D. Metz, Asst. Atty. Gen., of Kansas, were on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from the District Court for the District of Kansas denying petitioner's application for a writ of habeas corpus.

Petitioner, upon termination of a federal sentence served in the United States Penitentiary at Leavenworth, Kansas, was released from federal custody on September 20, 1966, and taken into custody by respondent pursuant to the purported authority of a detainer warrant issued by state authority in South Dakota. On September 30, 1966, and while petitioner was in the custody of respondent, the subject application was lodged with the federal district court and on October 4, 1966, was ordered filed in forma pauperis and relief denied upon the grounds that the petition set forth no grounds for federal relief. Judgment on such order was entered on October 5. Prior to the entry of such order respondent released petitioner to South Dakota authorities, such action being taken, apparently, after a petition for habeas corpus had been considered and denied by a Kansas state court on October 4.

▆▆▆▆▆▆▆▆▆▆▆

▆▆▆ Respondent, pointing to the undisputed facts that he no longer has custody of petitioner, that petitioner is no longer within the territorial jurisdiction of the federal district court, and that no person within the jurisdiction of this federal court has authoritative power to act on the body of petitioner, urges that the appeal is now moot and should be dismissed. Under the circumstances of this case, we agree, and the appeal is dismissed. However we think it proper to note that there is nothing in this record, nor claim made, that respondent had notice or knowledge of the pendency of federal habeas corpus proceedings when he participated in allowing the body of petitioner to be removed to South Dakota. Any such conduct deliberately taken to frustrate or hinder the jurisdiction of the federal district court, or of this court, properly obtained and existent, would be subject to appropriate judicial disciplinary action.