John BRADY, Appellant,

v.

U. S. PAROLE COMMISSION et al., Appellees.

No. 78–1534.

United States Court of Appeals, Ninth Circuit.

July 5, 1979.

John Thomas Brady, pro se.

John C. Merkel, U. S. Atty. and Charles Pinnell, Asst. U. S. Atty., Seattle, Wash., for appellees.

Before KILKENNY and SNEED, Circuit Judges, and WATERS, District Judge.*

KILKENNY, Circuit Judge:

Appellant, a federal prisoner appearing *pro se*, appeals from denial of his 28 U.S.C. § 2241 habeas corpus petition. His principal challenge is to the Parole Commission's regulations and decision requiring him to serve thirty-six to forty-eight months of his seven-year sentence.

## FACTUAL BACKGROUND

In 1976, appellant entered a plea of guilty to making a false statement in connection with the acquisition of a firearm [18 U.S.C. § 922(a)(6)] and willful failure to appear as ordered after release on bail [18 U.S.C. § 3150]. The district court imposed a five-year sentence on the firearm offense and a consecutive two-year sentence on the bail offense. The sentences were imposed pursuant to 18 U.S.C. § 4205(b)(2) [formerly 18 U.S.C. § 4208(a)(2)], under the provisions of which the time for parole release is left entirely to the discretion of the Parole Commission. Appellant commenced serving his sentence on July 7, 1976, by which date he had accumulated sixty-six days credit for jail time.

Shortly after appellant began serving his sentence, the Parole Commission, pursuant to the provisions of 18 U.S.C. § 4208(a), made an initial determination and decided not to set a parole date, but rather to give Brady's case further consideration after one-third of his sentence had expired, i. e. after the expiration of twenty-eight months ending September 1, 1978. In arriving at this decision, the Commission followed its own guidelines which suggested thirty-six to forty-eight months in custody for a prisoner with appellant's salient factor score of "good" and offense severity rating of "very high."

On September 28, 1977, appellant filed a *pro se* petition for habeas corpus challenging his offense severity rating and the resulting thirty-six to forty-eight month prison term. In this petition he asked for a new and an impartial hearing and challenged the power of the Commission to extend his minimum prison term beyond one-third of his total sentence.

Appellant's petition was promptly referred to a magistrate and on January 5, 1978, the district court adopted the magistrate's recommendation that the petition be dismissed for not stating a claim for relief. The magistrate proceeded on the theory that absent flagrant abuse, the Parole Commission decision to recommend a thirty-six to forty-eight month period of confinement was not subject to judicial review and inasmuch as the Commission was acting within its proper statutory authority and there was

---

* The Honorable Laughlin E. Waters, United States District Judge for the Central District of California, sitting by designation.

no showing of any constitutional violation, the petition for habeas corpus should be dismissed. Appellant filed a notice of appeal to this court on January 20, 1978.

During the pendency of this appeal, appellant received the parole reconsideration scheduled for the one-third point in his sentence, was given a release date and actually released from custody and placed on parole on the 21st day of May, 1979. He is now on parole.

## MOOTNESS

■ Appellant's § 2241 habeas corpus petition attacks the Parole Commission's decision to keep him in custody. He is now on parole and does not challenge the validity of his original conviction. On this record the case is moot.[1] *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Cervantes v. Walker*, 589 F.2d 424 (CA9 1978). This appeal does not present an issue which is "capable of repetition, yet evading review.", the exception doctrine mentioned in *Roe, Weinstein* and *Cervantes*. Other authorities supporting our conclusion that the issue before us is moot are *United States v. Birrell*, 482 F.2d 890 (CA2 1973); *Skelly v. Laird*, 448 F.2d 698 (CA9 1971); *Kellar v.*

*Ciccone*, 442 F.2d 337 (CA8 1971); *Lambert v. Brown*, 435 F.2d 148 (CA9 1970); and *Kendall v. Klinger*, 383 F.2d 436 (CA9 1967), a state custody case. Appellant's cases are not in point.[2]

■ Moreover, the change in appellant's custody status during the course of the appeal does not come under Rule 23, FRAP. Rule 23(a), FRAP, was promulgated to alleviate jurisdictional problems sometimes created by geographical limits on habeas corpus jurisdiction. Rule 23(b), FRAP, involves a release, but lodges a wide discretion on the part of the district and court of appeals judges or the Supreme Court justices to release a defendant pending a decision of the case. Rule 23, FRAP, is simply not applicable to our factual situation and does not touch upon a release by the Parole Commission, which is here at issue.

## CONCLUSION

The cause before us being moot, it is our duty to vacate the judgment of the district court and instruct it to dismiss the proceeding as moot. *Great Western Sugar Co. v. Nelson*, —— U.S. ——, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979); *Preiser v. Newkirk*, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); and *Duke Power Co. v. Greenwood*

1. On the merits we take note of the recent Supreme Court decision of *United States v. Addonizio*, —— U.S. ——, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). True enough, *Addonizio* involves a construction of 28 U.S.C. § 2255, while the issue before us is presented under a 28 U.S.C. § 2241 habeas corpus petition. Nonetheless, much of what is said in *Addonizio* concerning the Parole Commission's discretion would seem to be applicable to a § 2241 petition. Also touching upon a related issue is *Greenholtz v. Nebraska Penal Inmates*, —— U.S. ——, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). We leave to another day, a decision on the merits of appellant's contention.

2. Although not cited by appellant, the case of *De Kaplany v. Enomoto*, 540 F.2d 975 (CA9 In Banc, 1976), is clearly distinguishable. *De Kaplany* involved a habeas corpus petition seeking relief from a state court conviction on the ground that the trial court failed to conduct and trial counsel failed to request a hearing on De Kaplany's competence to stand trial, in violation of his due process rights. De Kaplany was

granted parole subsequent to the district court's denial of his petition. The majority of the Ninth Circuit held that this should not moot De Kaplany's appeal. 540 F.2d at 976, fn. 2. De Kaplany was entitled to show that his conviction was invalid. The court pointed out that parole status still subjected him to "a host of regulations and uncertainties", including the ever present threat of parole revocation. The court also expressed concern over the fact that De Kaplany now had a record of conviction and a second conviction may carry a heavier penalty. Consequently, the granting of Brady's petition would not change one of the factors mentioned in *De Kaplany*. Brady does not attack his conviction or sentence. He only challenges the length of his incarceration. At most, Brady would have been entitled to a parole a few months earlier. He would still have a record of conviction and be on parole subject to regulation and the possibility of revocation. Dismissal of Brady's petition does not work the type of injustice feared by the court in *De Kaplany*.

*County,* 299 U.S. 259, 57 S.Ct. 202, 81 L.Ed. 178 (1936).

IT IS SO ORDERED.