**Philemon Ray CRIDER, Petitioner,**

v.

**T. M. KEOHANE, Warden, Respondent.**

**No. CIV–78–0123–D.**

United States District Court,
W. D. Oklahoma.

May 27, 1981.

Philemon Ray Crider, pro se.

Larry D. Patton, U. S. Atty. by David A. Poarch and Paul Richards, Asst. U. S. Attys., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

On October 15, 1980 the mandate of the Court of Appeals was filed herein reversing and remanding this case for proceedings consistent with the per curiam opinion of the Court of Appeals. Said Opinion expressed no opinion on the merits of the Petitioner's claims, and invited further proceedings by way of pretrial discovery or a proper expansion of the record. (Court of Appeals No. 79–1590.) On October 16, 1980, the Respondent filed a Motion to Dismiss with a supporting Brief and evidentiary materials wherein the issue of mootness was raised by reason of the fact that the Petitioner only complains herein of prison

conditions at the Federal Correctional Institution, El Reno, Oklahoma and he is no longer incarcerated therein. The Petitioner filed a Response which denied the Respondent's claim of mootness and further alleged that dismissal is precluded by the decision of the Court of Appeals herein. The Petitioner has also filed a Motion to Amend Complaint as well as a Motion to Expand Record. The latter Motion includes attached exhibits consisting of "Affidavits" of some 18 inmates of said Federal Correctional Institution at El Reno, Oklahoma which can be generally categorized as condition of confinement complaints including, inter alia, inadequate food, living space, mail service, clothing and medication. Upon review of this proceeding the Court finds and concludes as follows:

■ 1. The threshold question is the effect to be given the Order entered by the Court of Appeals on September 30, 1980 regarding Appellee's (Respondent herein) petition for rehearing in that court wherein the Court stated:

"[u]pon consideration of the arguments of appellee, the petition for rehearing and the motion to supplement the record are hereby denied."

Said Order was entered following the Respondent's pleadings filed in the Court of Appeals raising the issue of mootness which is also the basis for the instant Motion to Dismiss. These circumstances lead this Court to the conclusion that the Court of Appeals has not adjudicated the merits of the mootness issue and the failure of the Petition for Rehearing does not imply any

judgment on the merits of this issue. *In re Grand Jury Investigation*, 542 F.2d 166, 173–174 (3 Cir. 1976), *cert. denied*, 429 U.S. 1047, 97 S.Ct. 755, 50 L.Ed.2d 762 (1977).

2. The Petitioner filed this habeas corpus action on February 15, 1978 while he was incarcerated at the Federal Correctional Institution, El Reno, Oklahoma. His complaint raised only conditions of confinement issues.[1] Said habeas corpus complaint under 28 U.S.C. § 2241 sought no relief other than release from said institution. There were no averments that the Petitioner represented a class of federal prisoners having similar condition of confinement claims. Petitioner did not seek to proceed as a class action. The first suggestion of a class action under Rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A., was subsequent to the denial of the petition of rehearing by the Court of Appeals and following the Respondent's motion to dismiss now under consideration. This suggestion which did not request class action determination under Rule 23, *supra*, was contained in Petitioner's Motion to expand the record to allege continuing constitutional violations at the Federal Correctional Institution, El Reno, Oklahoma, supported by said "affidavits". Hence, Petitioner did not bring his action as a class action, a class action has not been determined or certified herein by the Court and it is questionable if Petitioner now desires to so proceed as he has not pled the prerequisites of a Rule 23 class action or noticed a class action certification request in accordance with Local Rule 17(d).[2]

---

1. The United States Supreme Court has not decided the propriety of the use of a writ of habeas corpus to challenge the conditions of confinement. In *Bell v. Wolfish*, 441 U.S. 520, note 6 at page 526, 99 S.Ct. 1861, note 6 at page 1867, 60 L.Ed.2d 447 (1979), the United States Supreme Court said:

Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself.

But as the Court of Appeals did not take note of this questionable procedure, we will not and only mention it as it may bear on the propriety of a class action in a habeas corpus case.

2. This Rule provides:

(d) *Notice of Request for Class Action Determination.* Whenever any action or proceeding is commenced which includes a request that the Court certify the case or proceeding as a class action, the plaintiff shall immediately notify the judge to whom said action is assigned of the request for class action determination. If the plaintiff fails to do so, every other party receiving notice of such suit shall so notify the judge to whom the case is assigned, provided, however, that as soon as a notice is given by any party the other parties are relieved of this

3. It is undisputed in the record now before the Court that the Petitioner was paroled to the custody of the State of Oklahoma on January 9, 1980 and is no longer incarcerated at the Federal Correctional Institution, El Reno, Oklahoma.

■ 4. The doctrine of mootness goes directly to the power and jurisdiction of the court to act and requires that in federal cases an actual controversy exist at all stages of review, not merely at the time the complaint is filed. *Preiser v. Newkirk*, 422 U.S. 395, 401–402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). The aegis of the doctrine, "... like ripeness and standing, has its constitutional origin in the 'case or controversy' limitation of Article III which insures that courts exercise their power only in cases where true adversary context allows informed judicial resolution." *Wiley v. National Collegiate Athletic Assoc.*, 612 F.2d 473, 475 (10 Cir. 1979), *cert. denied*, 446 U.S. 943, 100 S.Ct. 2168, 64 L.Ed.2d 798. The policies underlying mootness are that it conserves judicial energies for litigants who have a real need for official dispute resolutions; it ensures adverse presentation of factual and legal issues to protect against ill-advised adjudication; and, it restrains the judiciary from injecting itself into affairs of the legislative and executive branches. *Kidwell ex rel. Penfold v. Meikle*, 597 F.2d 1273, 1289 (9 Cir. 1979).

■ 5. The doctrine of mootness vis-a-vis class action claims has received some attention by the United States Supreme Court. In *United States Parole Commission v. Geraghty*, 445 U.S. 388 at page 404, 100 S.Ct. 1202 at page 1212, 63 L.Ed.2d 479 (1980), the plaintiff sought a class action which the district court denied. The Supreme Court held:

"Our holding is limited to the appeal of the denial of the class certification motion. A named plaintiff whose claim expires may not continue to press the appeal on the merits until a class has been properly certified. See *Deposit Guaranty National Bank, Jackson, Miss. v. Roper*,

ante [445 U.S. 326] at 336–337 [100 S.Ct. 1166 at 1172–1173, 63 L.Ed.2d 427]. If, on appeal, it is determined that class certification properly was denied, the claim on the merits must be dismissed as moot."

In the instant case Petitioner did not seek a class action, a request for one was not denied and no appeal was taken from such a decision. Hence, the above case is not directly in point but does provide that when a plaintiff's claim has expired it becomes moot in the absence of an appeal on a denial of a request for class action certification.

In *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) it was held that a class action was not mooted when the named plaintiff's claim later expired where it had not expired and he had a controversy at the time his complaint was filed in which he sought class action certification *and* at the time a class action was in fact certified pursuant to Rule 23, Federal Rules of Civil Procedure. Here again this case is not directly in point as Petitioner did not request and obtain a class action certification by the District Court.

In *Sosna v. Iowa*, 419 U.S. 393 at page 402, 95 S.Ct. 553 at page 559, 42 L.Ed.2d 532 (1975) the Court held that the district court's certification of the class fixed a legal status in the unnamed persons which did not become moot or moot the case upon the claim of the named plaintiff becoming moot but further said:

"There must not only be a named plaintiff who has such a case or controversy at the time the complaint is filed, *and* at the time that the class action is certified by the district court pursuant to Rule 23, but there must be a live controversy at the time this court reviews the case." (Emphasis added.)

Again this case is not directly in point on the facts as the petitioner therein sought and obtained class action certification at the district court level before his individual claim expired.

**730**

6. In *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26 at page 40, 96 S.Ct. 1917 at page 1925, 48 L.Ed.2d 450 (1976), the United States Supreme Court dealt with standing to sue, class actions and mootness. In effect the Court held that an individual plaintiff must have a "personal stake" in the outcome of the controversy or he has no standing to sue and the fact that a suit may be a class action adds nothing to the question of standing to sue as a plaintiff who would represent a class must allege and show that at the time of desired class representation he personally is an injured member of the class.

In view of the foregoing it is the Court's opinion, that, although there may be a potential controversy between other inmates and the Respondent, in view of the Petitioner's release from custody over a year ago, he lacks the minimal "personal stake" which is prerequisite to the jurisdiction of this Court. As Petitioner has proceeded herein as an individual, as Petitioner is no longer an inmate at the Federal Correctional Institution at El Reno, Oklahoma and hence is no longer subject to an alleged unconstitutional confinement by conditions in said institution, as no class action has been certified and as Petitioner is not a member of a putative class of inmates at the El Reno institution, the Court finds and concludes that the doctrine of mootness applies to Petitioner's individual claim. *Nunes v. Nelson*, 467 F.2d 1380 (9 Cir. 1972); *Brady v. United States Parole Commission*, 600 F.2d 234 (9 Cir. 1979).

Accordingly, the Respondent's Motion to Dismiss should be and the same hereby is sustained and this case is dismissed for lack of jurisdiction. In view of the foregoing the Petitioner's Motions to Amend Complaint and to Expand the Record are also stricken as moot.