UNITED STATES of America ex rel.
Patrick McINERY,
Petitioner-Appellant,

v.

John SHELLY, Sheriff of Will County,
Illinois, Respondent-Appellee.

No. 81–2842.

United States Court of Appeals,
Seventh Circuit.

Argued June 7, 1982.

Decided Dec. 27, 1982.*

Opinion March 4, 1983.

Certiorari Denied May 16, 1983.
See 103 S.Ct. 2102.

Carl Gigante, (Student) Loyola University Law School, Allen E. Shoenberger, Chicago, Ill., for petitioner-appellant.

Edward A. Burmila, Jr., Asst. State's Atty., Joliet, Ill., for respondent-appellee.

Before BAUER and WOOD, Circuit Judges, and CAMPBELL,** Senior District Judge.

PER CURIAM.

This is an appeal from the district court's denial of a Writ of Habeas Corpus. Petitioner claimed he had been denied his constitutional rights to prompt extradition and speedy trial by the Illinois state officials' delay in issuing an extradition warrant. The respondent contends that the appeal is moot because at some time between the decision of the district court and the filing of the respondent's brief the petitioner was transferred to the custody of the Mississippi officials. The respondent admittedly made no application under Fed.R. App.P. 23 to authorize this transfer. Respondent contends that Rule 23 is inapplicable because the petitioner consented to re-

---

* This appeal was originally decided by unreported order on December 27, 1982. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

** The Honorable William J. Campbell, Senior Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

turn to Mississippi.[1] However, by its own terms the rule applies to all transfers of custody and includes no exception for allegedly voluntary transfers. Respondent cites *Masters v. Stevens,* 357 F.2d 433 (8th Cir.1966); *Opheim v. Campbell,* 384 F.2d 717 (10th Cir.1967); and *Brady v. Parole Commission,* 600 F.2d 234 (9th Cir.1979) as similar cases in which courts held that Rule 23 did not apply. These authorities are not persuasive. Rule 23 was inapplicable in *Masters* and *Opheim* because both cases involved transfers which occurred prior to the effective date of the rule. *Brady* did not involve a transfer of custody, but a release of the prisoner. Since the transfer of the petitioner occurred in violation of Rule 23, we have not been divested of subject matter jurisdiction and the case is therefore not moot. *Cohen v. United States,* 593 F.2d 766, 767 n. 2 (6th Cir.1979); *Meck v. Commanding Officer, Valley Forge Hospital,* 452 F.2d 758 (3d Cir.1971); *Hudson v. Hardy,* 424 F.2d 854 (D.C.Cir.1970).

Nevertheless, for the reasons stated so well in Judge Aspen's memorandum opinion, we conclude that petitioner's arguments relating to the issuance of the writ have no merit and therefore we affirm the district court and adopt its opinion as our own.

---

1. Even assuming that this contention has legal merit, there is an insufficient basis in the record for concluding that the transfer was voluntary. The only submission by the respondent is a photostatic copy (not certified) of a "Waiver of Extradition" purportedly signed by the petitioner.