992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Anthony CAPUTO, Petitioner-Appellant,
v.
Joseph BOGAN, Warden, Respondent-Appellee.
 No. 92-2562.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from the order of the district court dismissing petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, on the ground that it was moot. Additionally, petitioner has filed a motion for bail pending appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, Michael Anthony Caputo, a federal prisoner in the custody of the Federal Correctional Institute in Milan, Michigan, filed his habeas petition on October 9, 1991, alleging violations of his federal constitutional rights to due process. Petitioner was convicted of credit card fraud in April 1986 and was sentenced to six years imprisonment. He was paroled from this sentence on December 13, 1988, however, his parole was subsequently revoked when it was discovered that he had committed several drug offenses.
 
 
 3
 In support of his habeas petition, petitioner claimed that the United States Parole Commission erroneously executed a parole violator warrant, had abused its discretion by revoking his parole, and had violated his rights to due process by retarding his next scheduled parole date by over a year. Petitioner sought immediate release from custody.
 
 
 4
 The matter was referred to a magistrate judge who on March 30, 1992, recommended that the petition be dismissed as moot because petitioner had been released from custody and his petition did not attack the legitimacy of his underlying criminal conviction. (After the petition was filed, but before it could be considered by the court, petitioner was paroled from prison on February 3, 1992). Noting that petitioner failed to object to the magistrate judge's report and recommendation, the district court adopted the report in its entirety and entered an order denying petitioner habeas corpus relief on June 8, 1992.
 
 
 5
 Thereafter, petitioner filed a motion for reconsideration in which he claimed that he did file timely objections inasmuch as he did not receive a copy of the report until May 22, 1992. In the interests of justice, the district court vacated the order of June 8, 1992, to permit consideration of petitioner's objections. On July 31, 1992, the district court dismissed petitioner's habeas petition as moot since petitioner was no longer in custody. The court further held that Parole Commission determinations were not within the scope of the "collateral consequences" doctrine, see Lane v. Williams, 455 U.S. 624, 632 (1982).
 
 
 6
 Thereafter, petitioner filed another motion for reconsideration in which he stated that he was again incarcerated, having been arrested by the Indianapolis, Indiana Police for possession of marijuana on July 13, 1992. Petitioner maintained that because he was again incarcerated, his earlier habeas petition now presented a live controversy. The district court disagreed and in an order filed October 14, 1992, denied petitioner's motion for reconsideration.
 
 
 7
 On appeal, petitioner argues that the district court erroneously dismissed his habeas petition as moot. He also reasserts the claims raised in his habeas petition.
 
 
 8
 Upon review, we affirm the district court's order for the reasons stated by that court. Since petitioner attacked the legitimacy of the parole decision rather than the validity of his underlying criminal conviction, his habeas corpus petition was mooted once he was released on parole on February 3, 1992. See Johnson v. Eckle, 269 F.2d 836 (6th Cir.1959); Brady v. United States Parole Commission, 600 F.2d 234, 236 (9th Cir.1979). The fact that he was again incarcerated is insufficient to revive his mooted habeas petition. See Lane, 455 U.S. at 632-33 n. 13.
 
 
 9
 Finally, because petitioner's habeas petition is moot, the remaining claims asserted on appeal are not reviewable.
 
 
 10
 Accordingly, the motion for bail pending appeal is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.