26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wallace WARD, Plaintiff-Appellant,
v.
John DOBRE, Defendant-Appellee.
 No. 93-15146.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided May 19, 1994.
 
 Before: GOODWIN, POOLE and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wallace Ward appeals pro se the district court's dismissal of his habeas corpus petition as moot, following his release from prison. We affirm.
 
 I.
 
 3
 Ward's petition challenges Nevada federal prison officials' decision to discipline him for operating a business while in prison. He alleges that the charges were without merit and were instituted in order to punish him for expressing his political views, and thus violate the First Amendment. In addition, he contends that prison officials subjected him to cruel and unusual punishment, violated his Sixth Amendment right to counsel by transferring him from a Nevada Prison camp to a similar California camp in order to interfere with his habeas petition, and physically and mentally abused him during the transfer.
 
 
 4
 On February 11, 1992, before the district court reached the merits of Ward's petition, Ward completed his sentence with good time credits and was released. Thereafter, his conviction was reversed on appeal, and the case was remanded for a new trial. United States v. Ward, 989 F.2d 1015 (9th Cir.1992) (Poole, J. dissenting) (reversing based on the trial judge's refusal to allow Ward to add certain language to the oath). On remand, Ward was again convicted of tax evasion and sentenced to five years of probation. He is presently serving this sentence.
 
 II. MOOTNESS
 
 5
 Mootness is a question of law, which we review de novo. Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F.2d 989, 996 (9th Cir.1993).
 
 
 6
 Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. Lane v. Williams, 455 U.S. 624, 632 (1982). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. Id.; Sibron v. New York, 392 U.S. 40 (1968); Carafas v. Lavalle, 391 U.S. 234 (1968); Zal v. Steppe, 968 F.2d 924 (9th Cir.1992), cert. denied, 113 S.Ct. 3418 (1993); White v. White, 925 F.2d 287 (9th Cir.1991); Robbins v. Christianson, 904 F.2d 492, 496 (9th Cir.1990). Where the petition challenges the validity of the petitioner's underlying conviction, he can often satisfy this burden by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office. Robbins, 904 F.2d at 494 (citing Lane, 455 U.S. at 624); Carafas, 391 U.S. at 237.
 
 
 7
 Ward's petition, however, does not challenge the validity of his underlying conviction. It challenges prison officials' disciplinary action and allegedly retaliatory transfer. Thus, he must show that the disciplinary action itself will cause (or is still causing) him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm. Robbins, 904 F.2d at 495. He must show, for example, that the disciplinary action will prejudice his future employment prospects. See, e.g., Robbins, 904 F.2d at 496 (habeas petition challenging prison discipline for drug use is not moot after petitioner's release because being disciplined for illegal drugs may cause petitioner to suffer future employment discrimination).
 
 
 8
 However, Ward was disciplined for "conducting a business while in prison." Unlike using illegal drugs, conducting a business has no particular social stigma and is not likely to affect Ward's future employability. As the Robbins Court noted, "[t]he possibility of discrimination arising out of a prison discipline [for something with no such stigma] seem[s] very speculative." Id.; see also Bailey v. Southerland, 821 F.2d 277 (5th Cir.1987) (habeas petition challenging prison discipline for insolence and failure to obey an order action is moot after petitioner's release). Moreover, the sanctions Ward protests are a 14-day loss of phone privileges and a 30-day loss of visitation privileges. Ward is no longer subject to these sanctions, and is not suffering any current consequence of them.
 
 
 9
 Ward argues that his petition is not moot (1) because he is still on probation and (2) because, in defending against his petition, the government filed an affidavit stating that Ward advocates the violent overthrow of the United States government. Ward contends that this charge, like the drug charge in Robbins, could affect his future job prospects, reputation and other matters.
 
 
 10
 These arguments misstate the relevant case law. The probation cases Ward cites hold that a habeas petition challenging one's conviction is not mooted by the grant of probation, parole or supervised release. A probationer or parolee is continuing to suffer actual harm as a result of the conviction--he must comply with the terms of his probation or parole. Moreover, a writ of habeas can prevent this harm--if the habeas petition is successful, he will no longer be on probation.
 
 
 11
 This case law is not applicable to Ward's petition because Ward is not challenging the validity of his underlying conviction. Thus, he will not be entitled to any habeas relief even if he succeeds in showing that prison officials wrongfully disciplined him for conducting a business.[1] See, e.g., Brady v. United States Parole Comm'n, 600 F.2d 234, 236 (9th Cir.1979) (petition challenging denial of parole moot where petitioner has since been paroled).
 
 
 12
 Rather, to be entitled to habeas relief, Ward must show that he is still suffering (or will suffer) actual harm from the disciplinary action and that a writ of habeas corpus can correct this harm. Ward has made no such showing. He does not allege that his prison disciplinary record will somehow increase his probationary sentence or make it more likely that his probation will be revoked.
 
 
 13
 Ward's concern about the government's allegedly scandalous allegations that he advocates the violent overthrow of the government is no more helpful. Ward was not disciplined for advocating the violent overthrow of the government. The charges which appear on his record and his transfer order are (1) that he operated a business in violation of prison rules and (2) that he did not adjust well to prison life. Thus, even if advocating the violent overthrow of the government is the kind of charge which may affect one's future employment and reputation, Ward's habeas petition does not challenge any disciplinary action taken on that basis. Regardless of Ward's desire to have the allegation struck from the record, that the government later made the allegation does not affect the mootness of the underlying habeas petition.
 
 III. MOTION TO STRIKE
 
 14
 Ward also contends that the district court erred in denying his Fed.R.Civ.Pro. 12(f) motion to strike the government's allegation that he advocates the violent overthrow of the government. The government filed this allegation in response to Ward's contention that prison officials transferred him to a California prison camp solely to interfere with his habeas action.[2] The government contended that Ward's transfer was necessary to protect the security of Nellis Air Force Base, on which the Nevada Prison Camp was located. The California camp, while a similar institution, is not located on a United States military base.
 
 
 15
 Ward vehemently denies that he in fact advocates the violent overthrow of the United States Government and contends that this accusation will prejudice him in his future career. He filed a Fed.R.Civ.Pro. 12(f) motion to strike the government's claim as "immaterial, impertinent, or scandalous." The district court denied the motion without comment. We need not review the district court's resolution of a 12(f) motion because it is not necessary to review procedural motions when a case is dismissed as moot.
 
 IV. REQUEST FOR SANCTIONS
 
 16
 Finally, the district court did not abuse its discretion in denying Ward's request for sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); United States v. Borneao, Inc., 971 F.2d 244, 248 (9th Cir.1992) (district court orders imposing sanctions reviewed for abuse of discretion). Given Ward's political writings and his allegation that Nevada officials transferred him to interfere with his habeas petition, the government's allegation is not wholly frivolous or merely intended to harass. We therefor AFFIRM the denial of sanctions.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Of course, if prison officials did violate Ward's constitutional rights, he may be entitled to file some other claim seeking damages or other appropriate relief
 
 
 [2]
 This issue in turn arose because the government was claiming that the Nevada District Court had no jurisdiction over Ward's petition because Ward was incarcerated in California rather than Nevada