**Edwin D. WOOD, II, Petitioner,**

v.

**UNITED STATES of America, Bureau of Prisons, Joseph Bogan, Warden, FCI Milan, Respondent.**

No. 1:94–CV–378.

United States District Court,
W.D. Michigan,
Southern Division.

Jan. 17, 1995.

Thomas J. Gezon, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, for U.S.

Jaqueline T. Johnson, Columbus, OH, for movant.

## *OPINION*

ROBERT HOLMES BELL, District Judge.

Petitioner Edwin D. Wood has an appeal pending in the Sixth Circuit Court of Appeals of this Court's denial of his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Petitioner is presently incarcerated at the Federal Correctional Institution in Milan, Michigan, but is scheduled to be transferred to another institution for administrative reasons. Petitioner has filed a petition for restraining order pursuant to Rule 23(a) of the Federal Rules of Appellate Procedure to prevent the transfer.

■ The issue raised by this motion is the application of Fed.R.App.P. 23(a) to a federal prisoner who is scheduled to be transferred pending his appeal of the denial of a petition for habeas corpus.

Rule 23(a) provides in relevant part:

Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provisions of this rule. Upon application of a custodian showing a need therefor, the court, justice or judge rendering the deci-

sion may make an order authorizing transfer and providing for the substitution of the successor custodian as a party.

Upon review of the cases interpreting this rule, the Court is convinced that this rule does not apply under the present circumstances.

First, Petitioner's § 2255 motion is not a true habeas corpus proceeding. A motion under § 2255 is a further step in the movant's criminal case and not a separate civil action. Rules Governing § 2255 Proceedings, Rule 1, Advisory Committee Note. Accordingly, by definition it does not come within the scope of Rule 23(a).

Second, the purposes of Rule 23(a) would not be furthered by preventing a transfer of a § 2255 movant. "Rule 23(a) is designed to prevent frustration of an appeal through transfer of the custody of the prisoner while the appeal is pending." 9 Moore's Federal Practice, ¶ 223.03, 23–4 (2nd ed. 1994). This purpose is reflected in the provisions of the rule for substituting the successor custodian as a party. *See also United States ex rel. McInery v. Shelly,* 702 F.2d 101, 101–02 (7th Cir.1982).

 A habeas corpus action brought under 28 U.S.C. §§ 2241–2254 is filed against the individual having custody of petitioner. In a motion under § 2255 is brought in the court where sentence was imposed, with the United States as the respondent. This distinction is significant because the respondent in a § 2255 motion is not the custodian. Accordingly, the court's jurisdiction over the § 2255 motion continues despite the movant's transfer to a different jurisdiction.

Third, Petitioner's § 2255 motion has been denied, and the Court's ruling on the motion is entitled to a presumption of finality. Prisons are entitled to rely on the final orders of the district court. Moreover, because Petitioner's § 2255 motion is on appeal, review will be on the record, and there will be no necessity for an evidentiary hearing. Accordingly, there is no necessity that Petitioner remain in the vicinity in order to be brought into court for a hearing.

For these reasons the Court finds that Rule 23(a) has no bearing on Petitioner's transfer.

In addition to his contention that transfer is in violation of Rule 23(a), Petitioner also argues that transfer is inconvenient to him and will interrupt his placement into a halfway house.

■ The Court does not have authority to direct which prison Plaintiff will be housed in. By statute, the Bureau of Prisons is responsible for designating the place of the prisoner's imprisonment, and may at any time "direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b). *See also Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) (due process does not require hearing before transfer).

For the foregoing reasons, Petitioner's motion for restraining order is denied.