**Robert H. FENDLER,**
**Petitioner–Appellant,**

v.

**UNITED STATES BUREAU OF PRISONS; Charles A. Turnbo, Warden, F.C.I. Pleasanton, Respondents–Appellees.**

No. 86–2467.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 9, 1987.[*]

Decided May 11, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert H. Fendler, Honolulu, Hawaii, for petitioner-appellant.

Andrew M. Wolfe, Asst. U.S. Atty., San Francisco, Cal., for respondents-appellees.

Before SCHROEDER, PREGERSON and BRUNETTI, Circuit Judges.

PREGERSON, Circuit Judge:

Robert Fendler, a paroled federal prisoner, appeals the dismissal of his Privacy Act claim brought under 5 U.S.C. § 552a(e)(5) (1982);[1] the dismissal of his claim for expungement of inaccurate material from his presentence report; and the denial of his 28 U.S.C. § 2241 (1982) habeas corpus petition. Fendler contends that the defendant, United States Bureau of Prisons, violated section 552a(e)(5) by refusing to correct allegedly inaccurate information in his presentence report and in documents generated internally by the Bureau of Prisons. Fendler also requests equitable expungement of the allegedly inaccurate information in these documents. Finally, Fendler seeks habeas corpus relief on the ground that the United States Parole Commission violated constitutional and statutory mandates in setting his parole date. We affirm.

# I

## BACKGROUND

Robert Fendler was convicted and sentenced to 10 years on charges of mail fraud, transportation of stolen goods, and racketeering. *Fendler v. United States Parole Comm'n*, 774 F.2d 975 (9th Cir. 1985). While he was incarcerated, the Bureau of Prisons created an agency file on Fendler which includes his presentence report. It still maintains this file. The Bureau of Prisons provided a copy of Fendler's file to the Parole Commission for its determination of Fendler's offense severity rating and parole release date. Fendler objected to certain allegedly inaccurate information in the presentence report and in internally-generated Bureau of Prisons documents.[2] Fendler prepared a 17–page rebuttal to the presentence report. The rebuttal was before the Parole Commission when it determined his parole date.

On October 16, 1984, Fendler filed his First Amended Petition and Complaint in the district court. On July 21, 1986, the district court dismissed Fendler's Privacy Act claim and his claim for expungement, and also denied his petition for habeas corpus. Fendler timely appeals. In August 1986, after the district court proceedings, Fendler was released on parole.

Fendler raises three issues on appeal: (1) whether the Bureau of Prisons violated the Privacy Act, 5 U.S.C. § 552a(e)(5), (g)(1)(C) (1982), by failing to maintain accurate records pertaining to him; (2) whether Fendler is entitled to have the allegedly false portions of his presentence report expunged; and (3) whether Fendler's 28 U.S.C. § 2241 petition for habeas corpus is moot because Fendler is on parole and does not challenge the validity of the original conviction.

# II

## PRIVACY ACT CLAIM

■ We review questions of statutory interpretation de novo. *Trustees of Amalgamated Ins. Fund v. Geltman Indus., Inc.*, 784 F.2d 926, 929 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986).

Fendler contends that the Bureau of Prisons violated the Privacy Act, 5 U.S.C. § 552a(e)(5), by failing to correct allegedly inaccurate information in his presentence report and in internally-generated Bureau of Prisons records. He contends that the Bureau of Prisons sent inaccurate reports to the Parole Commission, and that these reports substantially influenced the Commission to set a parole release date later than warranted by his offense.

Subsection (e)(5) of the Privacy Act ("the Act") requires that federal agencies maintain records used to make determinations

---

**1.** All relevant code sections are set out in their entirety in the Appendix to the opinion.

**2.** The other Bureau of Prisons documents to which Fendler refers are (1) Form BP–14 (Security Classification), (2) Progress Reports and file materials, and (3) all internally generated Bureau of Prisons records.

about individuals with such accuracy as is reasonably necessary to assure fairness. 5 U.S.C. § 552a(e)(5). The Act provides an express civil remedy for individuals who suffer adverse determinations resulting from violations of this fairness requirement. 5 U.S.C. § 552a(g)(1)(C). However, the Act allows certain agencies, after holding hearings, to promulgate regulations exempting themselves from provisions of the Act. 5 U.S.C. § 552a(j) (1982).

The Bureau of Prisons has promulgated such regulations and exempted itself from several provisions of the Privacy Act. Specifically, 28 C.F.R. § 16.97(a) (1987) exempts Bureau of Prisons records from section 552a(c)(3) and (4), (d), (e)(2) and (3), (e)(4)(H), (e)(8), (f), and (g). Notably, *the regulation does not exempt Bureau of Prisons records from subsection (e)(5).* Thus the Bureau of Prisons has not expressly exempted itself from the precise provision which Fendler alleges the Bureau of Prisons violated.

The government argues, nonetheless, that it is not liable to Fendler for any possible violations of subsection (e)(5) because regulation 16.97(a) *does* exempt the Bureau of Prisons from subsection (g) of section 552a. *See* 28 C.F.R. § 16.97(a). Subsection (g)(1) provides for civil remedies to enforce various provisions of section 552a. Thus, the Bureau of Prisons argues, since it is exempt from the enforcement provision of the Privacy Act, it must also be exempt from the substantive provision itself—in this case subsection (e)(5). We perceive a flaw in the government's attempt to use regulation 16.97(a)'s exemption from subsection (g) to create an *implied* exemption from subsection (e)(5).

Subsection (g)(1) is divided into three further subsections: (g)(1)(A), (g)(1)(B), and (g)(1)(C). Subsection (g)(1)(A) provides for a civil remedy when any agency "makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection." 5 U.S.C. § 552a(g)(1)(A). Subsection (g)(1)(B) establishes a civil remedy when any agency "re-

fuses to comply with an individual request under subsection (d)(1) of this section." *Id.* § 552a(g)(1)(B). Subsection (g)(1)(C) specifically covers violations of subsection (e)(5). Subsection (g)(1)(C) provides a private civil action against the offending agency whenever the agency:

fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

*Id.* § 552a(g)(1)(C).

Clearly each subsection of (g)(1) enforces a separate substantive provision of section 552a. The Bureau of Prisons would have us read its exemption from "subsection (g)" literally, to encompass each of subsections (g)(1)(A), (g)(1)(B), and (g)(1)(C). For the reasons stated above, we cannot give the exemption this reading.

The Privacy Act sets forth certain requirements which agencies must satisfy if they wish to exempt themselves from the provisions of the Act. In order for an agency to exempt itself from the provisions of the Privacy Act, it must follow the procedure set forth in 5 U.S.C. § 552a(j). According to section 552a(j), an agency can exempt certain record systems from section 552a's requirements by promulgating regulations, as the Bureau of Prisons has done. Subsection (j) also mandates, though, that the agency state its reasons for exempting the records when it adopts the regulation. It is this latter requirement which prevents the Bureau of Prisons from relying on regulation 16.97(a) to impliedly exempt itself from subsection (e)(5) in this case.

The Bureau of Prisons *has* set forth a justification for exempting an agency from subsection (g) in regulation 16.97(b)(9). 28 C.F.R. § 16.97(b)(9) explains that exemption from subsection (g) is justified "because exemption from provisions of subsection (d) will render provisions of this subsection inapplicable." The Bureau of Pris-

ons' reason for exempting itself from subsection (g), then, has nothing to do with enforcement of subsection (e)(5), nor with subsection (g)(1)(C), (e)(5)'s enforcement provision. Rather, the exemption from subsection (g) can only be understood as applying to subsections (g)(1)(A) and (g)(1)(B), the enforcement provisions for subsection (d). In light of the Bureau of Prisons' clearly expressed justification for exemption from subsection (g), we cannot find that the Bureau of Prisons intended any implied exemption from subsection (e)(5).

The legislative history of section 552a(j) supports this construction of exemption regulation 16.97. The legislative history indicates that an agency can only exempt record systems pursuant to 552a(j) after:

determin[ing] that application of the challenge, access and disclosure provisions would "seriously damage or impede the purpose for which the information is maintained." The Committee intends that this public rulemaking process would involve candid discussion of the general type of information that the agency maintains which it feels falls within these definitions and the reasons why access, challenge, or disclosure would "seriously damage" the purpose of the maintenance of the information.

S.Rep. No. 1183, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin. News 6916, 6989. Because the Bureau of Prisons did not seek to exempt itself from subsection (e)(5), and because the Bureau of Prisons' stated justification for exemption from subsection (g) bears no relation to subsection (e)(5), the Bureau of Prisons has no basis for now contending that it should be exempt from (e)(5) or its enforcement provision—(g)(1)(C).[3] Thus we conclude that the Bureau of Prisons cannot escape liability by relying on the exemptions provided for in regulation 16.97.

■ The Bureau of Prisons' failure to exempt itself from subsection (e)(5) does not, however, end our inquiry. We still find that the Bureau of Prisons is not liable to Fendler because it complied with the requirements of subsection (e)(5). Fendler argues that the Bureau of Prisons violated (e)(5) because inaccurate information contained in his presentence report and in internal Bureau of Prisons documents influenced the Parole Commission to set a later parole release date. Subsection (e)(5) requires agencies to maintain records with such accuracy "as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). In this case, Fendler objected to the records and was allowed to append a 17–page rebuttal to the records presented to the Parole Commission.

We hold that, by including Fendler's rebuttal with the Bureau of Prisons reports sent to the Parole Commission, the Bureau of Prisons met its duty under (e)(5) to maintain its records with sufficient accuracy to ensure fairness to Fendler.

## III

### EXPUNGEMENT

■ Fendler also seeks to have the allegedly inaccurate information in his presentence report expunged. Federal courts have the equitable power "to order the expungement of Government records where *necessary* to vindicate rights secured by the Constitution or by statute." *Fendler*, 774 F.2d at 979 (quoting *Chastain v. Kelley*, 510 F.2d 1232, 1235 (D.C. Cir.1975) (emphasis added)).

■ Fendler has failed to show that expungement is necessary. Because Fendler is currently on parole, the allegedly inaccurate information in his presentence report does not pose a real and immediate threat to him. Although the presentence report could be used in a future parole revocation proceeding, ordering the Bureau of Prisons to expunge the copy of the report in its

---

**3.** This case thus may be distinguished from *Alexander v. United States*, 787 F.2d 1349, 1351 (9th Cir.1986). In that case, the agency had clearly and *expressly* exempted its system of records from both subsection (e)(5) and subsection (g). *See* 28 C.F.R. § 16.96(e) (1987). For some unexplained reason, the Bureau of Prisons, unlike the agency involved in *Alexander*, did not exempt itself from (e)(5).

records will not alter the actual records held by the Parole Commission. Additionally, Fendler will have an opportunity to challenge the presentence report in any future parole proceeding. *See id.; United States v. Stevenson,* 573 F.2d 1105, 1108 (9th Cir.1978) (affirming district court's refusal to strike unsupported statements from presentence report because defendant could challenge those statements in later parole proceedings). We hold that the district court properly dismissed Fendler's claim for expungement.

## IV

### HABEAS CORPUS PETITION

■ Fendler also brings a 28 U.S.C. § 2241 petition for habeas corpus seeking release on parole. We review de novo the denial of a habeas corpus petition. *Reiger v. Christensen,* 789 F.2d 1425, 1427 (9th Cir.1986). In his habeas petition, Fendler alleges that the Parole Commission's evaluation of the severity of his offense violated Commission guidelines and the equal protection clause of the Constitution and resulted in a later parole release date. The relief Fendler seeks through the habeas petition is release on parole. The defendants contend that Fendler's habeas petition is moot because he has already been released on parole and has not challenged the validity of the original conviction. We agree.

In *Brady v. United States Parole Comm'n,* 600 F.2d 234, 236 (9th Cir.1979), we held that an appeal by a federal prisoner from the dismissal of his habeas corpus petition attacking the Parole Commission's decision to keep him in custody was moot because the prisoner was now on parole and, like Fendler, did not challenge the validity of his original conviction. We also stated that such an appeal does not present an issue which is "capable of repetition, yet evading review." *Id.* (citing *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)). To satisfy that excep-

tion to the mootness bar, the petitioner must show a demonstrated probability that he or she will again be subjected to the parole system. *See Weinstein,* 423 U.S. at 149, 96 S.Ct. at 348. The possibility of parole revocation does not suffice to trigger this exception when the petitioner fails to challenge the original conviction. *See Brady,* 600 F.2d at 236 & n. 2.

Fendler asserts, though, that his habeas corpus claims against the Parole Commission were not mooted by his release on parole because, had he been released earlier on parole, he would have been eligible sooner for Parole Commission review of his eligibility for early termination of parole supervision under 18 U.S.C. § 4211 (1982). We need not reach this claim because Fendler did not raise it below.[4] In his complaint, Fendler sought only his immediate release. He did not seek to have his release backdated. Moreover, Fendler can move the Parole Commission at any time to terminate parole supervision. 18 U.S.C. § 4211(a). Thus, he can obtain the relief he seeks—Parole Commission review of his eligibility for early termination of parole— by applying to the Parole Commission directly. He should seek this administrative relief first. *See Tatum v. Christensen,* 786 F.2d 959, 964 (9th Cir.1986) (federal prisoners must exhaust administrative remedies before seeking habeas corpus relief). We hold that the district court properly denied Fendler's section 2241 petition for writ of habeas corpus as moot.

### CONCLUSION

The Bureau of Prisons, in promulgating 28 C.F.R. § 16.97 (1987), failed to exempt itself from 5 U.S.C. § 552a(e)(5) or (g)(1)(C). We nonetheless find that the agency has met its duty under subsection 552a(e)(5) to maintain its records with such accuracy as is reasonably necessary to ensure fairness by allowing Fendler to append his 17–page rebuttal to the report. Thus Fendler is not entitled to relief under the Privacy Act.

---

**4.** We have discretion to consider issues not raised below when the issue on appeal is "purely one of law that is both central to the case and important to the public." *Yuckert v. Heckler,*

774 F.2d 1365, 1367 (9th Cir.1985), *rev'd on other grounds,* —— U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Fendler has not satisfied this standard.

Nor is Fendler entitled to expungement of the Bureau of Prisons records; he has not shown that expungement is necessary to vindicate his rights.

Finally, Fendler's habeas corpus petition is moot because Fendler has been released from custody and because he did not challenge the validity of the original conviction.

The judgment of the district court is AFFIRMED.

## APPENDIX

### PRIVACY ACT PROVISIONS

Section 552a(e)(5) provides:

(e) Agency Requirements.—Each agency that maintains a system of records shall—

(5) maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination;

Section 552a(g) provides:

(g)(1) Civil remedies.—Whenever any agency

(A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;

(B) refuses to comply with an individual request under subsection (d)(1) of this section;

(C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or

(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,

the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

(2)(A) In any suit brought under the provisions of subsection (g)(1)(A) of this section, the court may order the agency to amend the individual's record in accordance with his request or in such other way as the court may direct. In such a case the court shall determine the matter de novo.

Section 552a(j) provides:

(j) General exemptions.—The head of any agency may promulgate rules, in accordance with the requirements (including general notice) of section 553(b)(1), (2), and (3), (c), and (e) of this title, to exempt any system of records within the agency from any part of this section except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i) if the system of records is—

(1) maintained by the Central Intelligence Agency; or

(2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal

laws from arrest or indictment through release from supervision. At the time rules are adopted under this subsection, the agency shall include in the statement required under section 553(c) of this title, the reasons why the system of records is to be exempted from a provision of this section.

## BUREAU OF PRISONS REGULATIONS

§ 16.97 Exemption of Bureau of Prisons Systems—limited access.

(a) The following systems of records are exempt from 5 U.S.C. 552a(c)(3) and (4), (d), (e)(2) and (3), (e)(4)(H), (e)(8), (f) and (g):

(1) Custodial and Security Record System (JUSTICE/BOP–001).

(2) Industrial Inmate Employment Record System (JUSTICE/BOP–003).

(3) Inmate Administrative Remedy Record System (JUSTICE/BOP–004).

(4) Inmate Central Record System (JUSTICE/BOP–005).

(5) Inmate Commissary Accounts Record System (JUSTICE/BOP–006).

(6) Inmate Physical and Mental Health Record System (JUSTICE/BOP–007).

(7) Inmate Safety and Accident Compensation Record System (JUSTICE/BOP–008).

(8) Federal Tort Claims Act Record System (JUSTICE/BOP–009). These exemptions apply only to the extent that information in these systems is subject to exemption pursuant to 5 U.S.C. 552a(j).

(b) Exemptions from the particular subsections are justified for the following reasons:

\*　　\*　　\*　　\*　　\*　　\*

(9) From subsection (g) because exemption from provisions of subsection (d) will render provisions of this subsection inapplicable.