UNITED STATES of America, Plaintiff,

v.

James P. SMITH, Defendant.

No. CR 82–309–AAH.

United States District Court,
C.D. California.

Sept. 18, 1990.

Stephen A. Mansfield, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff U.S.

Maxwell S. Keith, Los Angeles, Cal., for defendant James P. Smith.

## CORRECTED ORDER GRANTING DEFENDANT'S MOTION TO EXPUNGE CRIMINAL RECORD

HAUK, Senior District Judge.

On August 24, 1990, the Motion of Defendant James P. Smith (Hereinafter "Defendant") to Expunge his Criminal Record pursuant to the inherent equitable powers of the Court came on for a hearing before the Court. The Court has studied and analyzed the moving and opposing papers and the oral argument of counsel and makes the following findings of facts and conclusions of law.

### FINDINGS OF FACTS:

1. The Defendant was indicted on four counts in an indictment filed on April 13, 1982. The first Count was for conspiracy to cause false entries to be made in books, records, statements, and reports of the National Credit Union Administration and the O & M Employees Federal Credit Union. The three other counts alleged specific acts of making false entries.

2. The Defendant pled not guilty. After a five day jury trial, the Defendant, who was recently admitted to the State bar, and who foolishly defended himself without the benefit of an attorney, making many mistakes throughout the litigation, was convicted of making false credit union entries while working as a credit union examiner, in order to arrange loans for dishonest friends. More a victim than a victimizer, more a bumbling young attorney than a clever litigator, on December 1, 1982 he was found guilty by the jury of all four counts.

3. On December 20, 1982, feeling that he was convicted by his unskillful defense, the Court decided it needed to learn more about him, which, of course, under Title 18 U.S.C. § 4205(c) required the Court to sentence the Defendant to the maximum allowable under the law as a condition precedent to the imposition of a three month study. Thus, the Defendant received on each count a term of five years in the custody of the Attorney General and a fine of $10,000, all to run consecutively. After the three month study, the Court evaluated and analyzed the staff summary and the psychological reports, and was convinced that the young man really had no common criminal intent and should have his sentence and the fine suspended. Whereupon, the Court placed the Defendant on probation for a period of five years, ordering him to participate in an in patient or out patient program of psychiatric evaluation and treatment, supervised by the Probation Office, for a period not to exceed two years. The Court ordered the same probationary sentence on each of the counts, all to run concurrently.

4. Defendant completed his period of probation satisfactorily and in accordance with all the Probation Office's rules and regulations, in April, 1988. During his probation, he obeyed all probationary orders and lived an exemplary life.

5. It is noted that the Defendant committed his petty offenses prior to his admission to the California State bar. In fact, at the time of the indictment and trial, he had been a member of the State bar for less than five months. Yet, after his conviction, the Defendant was summarily disbarred. The five years the Defendant had

to wait prior to applying for readmission to the State bar have now passed.

6. On August 18, 1990, the Defendant mailed a letter to this Court, asking that his criminal record be expunged. He wrote that he has been trying to reenlist in the United States Army Reserve. He was a member of the Army Reserve at the time of his conviction. He did not reenlist in 1985, when his enlistment expired, because he wanted his probation to end first. Since his probation expired he has vigorously but ineffectively sought to reenlist. The Army Recruiters he has dealt with have had little or no knowledge whatsoever of the procedures essential for such enlistment. It took him more than a year to find a recruiter with the expertise in handling the necessary waiver, required of him as a convicted person. Because of the present tense world situation, he wants to rejoin the Army Reserve as quickly as possible, especially as an infantryman in Saudi Arabia. He was told that it would be beneficial and expedite the waiver if he could get the conviction expunged by this Court.

7. The Defendant has also expressed his earnest desire to be reinstated in good standing in the California State bar, again requiring expungement of his record by the Court.

8. A hearing was set for Friday, August 24, 1990, with both the Defendant and his attorney, as well as the United States Attorneys' Office, submitting points and authorities on the Court's power to grant such expungement. The Court and law clerks also undertook their own research.

## CONCLUSIONS OF LAW:

■ 9. Title 28 U.S.C. § 534(a) requires the Attorney General to "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records...." 28 U.S.C. § 534(a) (1990). Federal Courts do have the inherent equitable power and discretion to expunge criminal records in a special case. *Geary v. United States*, 901 F.2d 679, 679 (8th Cir.1990); *Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 554 (9th Cir.1988); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir.1977). A court may expunge records when " 'necessary and appropriate to preserve basic legal rights.' " *United States v. Henderson*, 482 F.Supp. 234, 243 (D.N.J. 1979) (quoting *Sullivan v. Murphy*, 478 F.2d 938, 968 (D.C.Cir.) *cert. denied* 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973). "A court's power to remedy legal wrongs is premised on 'the natural law of remedies' which 'does not set arbitrary limits on a federal court's jurisdiction to right wrongs cognizable by the common law within the jurisdiction of the court.' " *Natwig v. Webster*, 562 F.Supp. 225, 228 (D.R. I.1983) (quoting *United States v. Benlizar*, 459 F.Supp. 614, 623 (D.D.C.1978).

■ 10. This power is a narrow one, *id.* at 228, but the Ninth Circuit has held the power can be used when necessary to vindicate rights secured by the Constitution or statute, *Fendler v. U.S. Bureau of Prisons*, 846 F.2d at 554, particularly when a case presents "extraordinary circumstances warranting such an exercise of the court's equitable power." *Geary v. United States*, 901 F.2d at 679. True, a court must find that there is a logical relationship between the injury and the requested remedy, *Natwig v. Webster*, 562 F.Supp. at 228, and should balance the government's need for the records with the harm to the person that results from maintaining the records. *Id.* Hence, it is that this Court, by the expungement of his records is returning to him his right to vote, his right to serve his country in the armed forces, and his right to practice law.

■ 11. This case is appropriate for expungement of the record. This remedy clearly has a logical relationship to the injury to the Defendant, i.e. his inability to vote, to be reinstated as a member of the State bar, and to be reinstated in the United States Army Reserve. A criminal record would forever impede his ability to take up again the life and the career that he had before his conviction.

12. The Court also finds that, in balancing the needs of the government for these records with the harm to the Defendant in maintaining these records, the

scales tip heavily, if not completely, in favor of the Defendant. The criminal acts he committed were a small aberration from his otherwise clean background. He has served his country well and still wants to do so. This is a worthy goal, especially in these troubled times. The Court should not hinder his ability to serve his country. Furthermore, he has demonstrated that the crime was a thoughtless aberration. He successfully completed his probation, following in detail the counsel given to him by his Probation Officer. The Defendant should be able to put his past behind him now and become the fine young man and citizen he was before his fall from grace.

### CONCLUSION:

13. The Court has the power and the duty to expunge a Defendant's criminal record when extraordinary circumstances are present. This case presents such circumstances. The Defendant could be hurt for life if his record is not expunged. The Court finds that the Defendant has atoned for his sins and should be able to go back to the good life he led and would lead again. The law must be compassionate and work toward the ends of justice. Justice would be served here if the Defendant's record is expunged.

IT IS THEREFORE ORDERED THAT

1. The Defendant's record is hereby expunged. All records of this case and all files pertaining to this action are ordered sealed by the Clerk;