966 F.2d 702
 296 U.S.App.D.C. 182
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Noel Edward PLUNKETT, Appellant,
v.
Benjamin F. BAER, Chairman, U.S. Parole Commission, et al.
 No. 91-5155.
 United States Court of Appeals, District of Columbia Circuit.
 May 6, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for appointment of counsel; the motion for summary affirmance, the response thereto and the reply; the motion for expungement of record, the response thereto and the reply; the motion for judgment of the pleadings; the request for ruling on requests for money damages; and the motion for ruling on request for emergency relief, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. Appointment of counsel in a civil action is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Circuit Handbook of Practice and Internal Procedures, 29 (1987). It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance of the district court's order filed May 6, 1991, dismissing Plunkett's complaint, be granted for the reasons stated in the accompanying memorandum. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). It is
 
 
 4
 FURTHER ORDERED that the motion to expunge record be denied for the reasons stated in the accompanying memorandum. It is
 
 
 5
 FURTHER ORDERED that all remaining motions be dismissed as moot.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 7
 Plunkett's constitutional tort claims were properly dismissed because the complaint failed to meet the heightened pleading standard applicable to actions brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). While alleging in general terms that the appellees conspired to violate his constitutional rights by denying him parole and by transferring him from a state to a federal prison in retaliation for his litigation activity and for racially discriminatory reasons, Plunkett's assertions amount to only "conclusory allegations of unconstitutional motive." See Hobson v. Wilson, 737 F.2d 1, 31 (D.C.Cir.1984).
 
 
 8
 Moreover, the District Court for the Eastern District of Washington held that parole officials had not violated Plunkett's constitutional rights, see Plunkett v. Kincheloe, No. C-87-736-JLQ (E.D.Wash., Feb. 5, 1990) (Order Denying Petitioner's Motion for an Injunction), and this court is bound by that determination. See Allen v. McCurry, 449 U.S. 90, 94 (1980). For the same reason, we deny Plunkett's motion to expunge references to the rape finding in United States Parole Commission and Bureau of Prisons records. Expungement is only appropriate "where necessary to vindicate rights secured by the Constitution or by statute." Chastain v. Kelley, 510 F.2d 1232, 1235 (D.C.Cir.1975). Accord Fendler v. Bureau of Prisons, 846 F.2d 550, 554 (9th Cir.1988).
 
 
 9
 Finally, Plunkett's claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, was properly dismissed for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). Title VII prohibits discrimination in employment. Because Plunkett is a federal prisoner, not an employee, Title VII is inapplicable.