Johnny Ray GRAHAM, Plaintiff,

v.

Kathleen HAWK, et al., Defendants.

No. 94–2230.

United States District Court,
W.D. Tennessee,
Western Division.

June 23, 1994.

Johnny Ray Graham, pro se.

## ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Johnny Ray Graham, an inmate at the Federal Correctional Institution at Memphis (FCI) has filed a complaint under the Privacy Act, 5 U.S.C. § 552a, alleging that the Bureau of Prisons' (BOP) continues to maintain an inaccurate record related to him, specifically, a presentence investigation report (PSI) asserting that he threatened persons connected with the trial. Alternatively, plaintiff seeks a writ of mandamus.

Although the complaint is framed as one under the Privacy Act in an attempt to rely on the ruling in *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C.Cir.1992), which plaintiff perceives as favorable to him, in reality plaintiff is seeking a speedier release from his federal prison sentence, and is seeking once again to litigate a matter that has already been considered twice by the Sixth Circuit.

In 1986, a jury convicted Graham of one count of unlawfully converting government funds and four counts of using interstate telephone communications with the intent to bribe a sheriff. *See* 18 U.S.C. §§ 641, 1952(a)(3). The trial court, the Southern District of Ohio, imposed an aggregate sentence of 30 years imprisonment, and the Court of Appeals affirmed, remanding on the narrow issue of whether, in light of a subsequent Supreme Court opinion, the defendant should have been permitted an instruction on entrapment. *United States v. Graham*, 856 F.2d 756 (6th Cir.1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989) (*Graham I*). On remand, the district court found that defendant had no viable entrap-

ment defense and was not entitled to an entrapment instruction. The Sixth Circuit affirmed. *United States v. Graham*, 915 F.2d 1573, 1990 WL 155290, 1990 U.S.App. LEXIS 18279 (6th Cir.1990) (*Graham II*). Graham then filed a motion to reduce his sentence under Rule 35 of the Federal Rules of Criminal Procedure. The trial court denied this motion, and the Sixth Circuit affirmed. *United States v. Graham*, 7 F.3d 235, 1993 WL 402895, 1993 U.S.App. LEXIS 26492 (6th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1100, 127 L.Ed.2d 413 (1994) (*Graham III*). On the original criminal appeal, and in the appeal of the Rule 35 motion, Graham asserted that the PSI contained inaccurate statements that he had threatened unspecified participants in his criminal trial. *Graham I*, 856 F.2d at 762. Graham disputed this allegation at sentencing, and the Sixth Circuit determined that, although the sentencing court had not made a specific finding as to the validity of the allegation, the sentencing court had not relied on the information in imposing sentence, and thus there was no Rule 32 violation. On his Rule 35 motion, Graham again sought to litigate his claim that he had not threatened anyone. The trial and appellate courts held the claim barred by the previous decision on direct appeal. Graham now seeks by means of the Privacy Act to circumvent that holding and again litigate this issue. This method is unavailing, however.

Plaintiff has no Privacy Act claim. Contrary to plaintiff's understanding of *Sellers*, neither that case nor the Act obliges an agency, particularly the BOP, necessarily to resolve every disputed fact in an inmate's file. Nor does it entitle every inmate to a federal court trial to resolve such issues. *Sellers* involved readily ascertainable facts that were matters of public judicial record: whether a previous charge against the inmate had been dismissed. Here, by contrast, plaintiff characterizes the disputed fact as whether he made threatening statements to various persons. Plaintiff mischaracterizes the issue, however, and he is not entitled to relief.

5 U.S.C. § 552a(e)(5), states:

> Each agency that maintains a system of records shall maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

In this instance, the BOP is allegedly maintaining a record that states, in its entirety: "Information has been received that Graham has made threats of bodily harm regarding various participants in his trial." Plaintiff's Exh. 1. The actual record here, therefore, is not a record stating: "the inmate threatened persons", but a record stating: "the probation officer reports that persons claimed to have been threatened." Plaintiff does not dispute that the probation officer made this claim. Therefore the record is not inaccurate.

■ The BOP is not obliged to exclude from its files every iota of disputed hearsay regarding prison inmates. Such a requirement is not "reasonably necessary to assure fairness." To the extent that such records contain hearsay and reports from informants and unnamed parties, the records are maintained with adequate fairness if they accurately reflect the nature of the evidence. Here, the records clearly reflect that the threat allegation is merely that—a hearsay report from an unnamed informant. The BOP is not obliged to expunge such information, nor is it obliged to conduct a full-blown federal trial to resolve whether plaintiff actually did make threats.

■ *Sellers*, which dealt with easily ascertainable matters of public record, is simply inapplicable. Rather, the appropriate precedent here is *Fendler v. Bureau of Prisons*, 846 F.2d 550, 554 (9th Cir.1988), holding that the BOP maintains a fair record of such by permitting the inmate to place a rebuttal in his file, particularly when the inmate fails to show that the correction or expungement "is necessary to vindicate his rights." *Id.* at 556.

■ Plaintiff has evidently been able to place such records in his BOP file, because he attached records of correspondence between the Bureau of Prisons and the United States Probation Office in the sentencing district discussing the dispute and the fact that plaintiff claims he has not threatened anyone. That correspondence, which was sent to FCI Memphis, reflects that the probation officer's investigation revealed that various persons reported being threatened but later changed their stories, but that thereafter the probation officer learned of still other persons having reported additional threats. The presence of this letter alone satisfies the BOP's Privacy Act obligations. Furthermore, if plaintiff has been permitted to place a rebuttal in his BOP file, the BOP has clearly satisfied its obligations under section 552a(e)(5).

If plaintiff has not sought the opportunity to place a rebuttal in his BOP file, the present complaint is barred because plaintiff has failed to exhaust his administrative remedies. Each paragraph of 5 U.S.C. § 552a(g), which defines the scope of judicial review of agency action under the Act, requires as a prerequisite to any action that the agency refuse an individual's request to take some corrective action regarding his file. If plaintiff has not sought such corrective action, he has no claim.

Even if he has sought such action and been refused, however, this plaintiff is not entitled to any further relief because, as discussed above, the instant record is being maintained with adequate fairness. Even more important, plaintiff alleges no way in which he is adversely affected by the amended PSI.

At most, plaintiff alleges that at some future point he might be adversely affected if he is considered for parole and the BOP or the United States Parole Commission relies on this PSI in making that determination. However, this potential future harm is far too ephemeral to provide a solid case or controversy for this court to exercise its jurisdiction.

■ Furthermore, this claim is essentially a habeas claim—one that affects the length of plaintiff's imprisonment. *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1840–41, 36 L.Ed.2d 439 (1973). A federal prisoner may not seek habeas relief until he has exhausted his administrative remedies.

*United States v. Westmoreland,* 974 F.2d 736 (6th Cir.1992) (review of BOP sentence credits application); *Davis v. Keohane,* 835 F.2d 1147 (6th Cir.1987) (conditions of confinement); *Little v. Hopkins,* 638 F.2d 953 (6th Cir.1981) (same). *See also Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir.1992) (per curiam); *Tucker v. Carlson,* 925 F.2d 330, 332 (9th Cir.1991); *Little v. Hopkins,* 638 F.2d 953, 954 (6th Cir.1981) (per curiam). *See also Smith v. Thompson,* 937 F.2d 217, 219 (5th Cir.1991) (federal prisoner must exhaust administrative remedies before seeking review of Parole Commission decision); *Arias v. United States Parole Commission,* 648 F.2d 196 (3rd Cir.1981) (Parole Commission's administrative procedures must be exhausted before seeking federal habeas relief to review Commission's determination); *Clonce v. Presley,* 640 F.2d 271 (10th Cir.1981) (per curiam) (same); *Guida v. Nelson,* 603 F.2d 261 (2nd Cir.1979) (per curiam) (same); *Pope v. Sigler,* 542 F.2d 460 (8th Cir.1976) (per curiam) (same). The Privacy Act is not a means of circumventing this exhaustion requirement.

Finally, plaintiff may, if and when he becomes eligible for parole, exhaust his administrative remedies within the Commission or its successor agency to challenge an application of this PSI to plaintiff's detriment.[1] The mere theoretical possibility that it will be so used does not create a live controversy cognizable in federal court. As yet, there is no decision by the Commission to review under a habeas petition.

For the above reasons, plaintiff has no claim either under the Privacy Act or to habeas relief. The Privacy Act claim lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

As the complaint is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(d).

To the extent that the complaint should be construed as a habeas petition, "it appears from the application that the applicant or person detained is not entitled" to any relief, 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. Construed as a habeas petition, the petition is denied.

Finally, plaintiff's alternative request for a writ of mandamus is meritless. Mandamus is an extraordinary remedy that may only be granted to compel performance of a ministerial act. A petitioner must show: "1) that a public official has a plain duty to perform certain acts; (2) that the plaintiff has a plain right to have those acts performed; and (3) that there exists no other adequate remedy by which the plaintiff's rights can be vindicated." *Matthews v. United States,* 810 F.2d 109, 113 (6th Cir.1987). *See also In re Sessions,* 672 F.2d 564, 566 (5th Cir.1982). For the reasons already discussed, plaintiff has no plain right to the relief sought, and in any event the existence of remedies under the Privacy Act preclude plaintiff's entitlement to mandamus, even though his claim under that act is substantively meritless. The petition for a writ of mandamus is denied.

Construed as either a habeas or mandamus petition or a Privacy Act claim, the court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

**IT IS SO ORDERED.**

---

1. Plaintiff might, for instance, challenge the use of the information on the ground that it is completely unreliable hearsay.