**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES CHRISTOFERSON, | No. 11-35721 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01155-JE |
| v. | |
| J. E. THOMAS, Warden, FCI Sheridan; DANIEL WOMELDORF; DENNIS BURNS; LANE, in his individual capacity as Acting Lieutenant, FCI Sheridan; MCMANN, in his individual capacity as Education Specialist, FCI Sheridan; UNKNOWN "SHERIDAN COWBOYS" VARIOUS CORRECTIONAL OFFICERS, in their individual capacities as Correctional Officers, FCI Sheridan; JAMIE MCMAHON; ROBERT E. MCFADDEN; HARRELL WATTS; FEDERAL BUREAU OF PRISONS, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 6, 2013
Seattle, Washington

Before: HAWKINS and TALLMAN, Circuit Judges, and WHYTE, Senior District Judge.[**]

We noted in *Lopez v. Smith* that:

> [I]n a line of cases stretching back nearly 50 years, we have held that . . . a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

Here, the district court, relying on a magistrate judge's recommendation, dismissed Charles Christoferson's pro se complaint challenging a prison strip search without giving him leave to amend. Neither the district court nor the magistrate judge indicated that amendment would be futile. And, having reviewed the record, we cannot say that it would be. Accordingly, we reverse.

It is possible, though difficult, to successfully challenge a prison strip search. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140-42 (9th Cir. 2011) (en banc); *Antonetti v. Skolnik*, 748 F. Supp. 2d 1201, 1215 (D. Nev. 2010) ("Searches intended to harass may violate the Eighth Amendment.") (citing

---

[**] The Honorable Ronald M. Whyte, Senior United States District Judge for the Northern District of California, sitting by designation.

*Hudson v. Palmer*, 468 U.S. 517, 530 (1984)); *see also Washington v. Hively*, 695 F.3d 641, 642-43 (7th Cir. 2012). These claims are also notoriously fact dependent, and therefore difficult to resolve on the pleadings. *Hydrick v. Hunter*, 500 F.3d 978, 993 (9th Cir. 2007), *vacated on other grounds,* 556 U.S. 1256 (2009). We note that Christoferson failed to plead certain facts found in parts of the record other than his complaints. Some of these facts could help him. So, given *Lopez* and considering the nature of strip search claims, we cannot yet say that Christoferson's challenge was futile.

Moreover, Christoferson may be able to allege a plausible First Amendment retaliation claim. *See, e.g.*, *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011). We cannot tell whether the magistrate judge or the district court considered this possibility.

Finally, inmates may sue under the federal Privacy Act in spite of the regulations that purport to block their claims. *Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 552-554 (9th Cir. 1987). We cannot yet say that Christoferson's Privacy Act claim is futile because, if amended, it might fit within *Fendler*.

Accordingly, we REVERSE and REMAND so that Christoferson may replead all his claims except those for injunctive relief against the individual defendants. We AFFIRM the dismissal with prejudice of those equitable claims

because Christoferson has no standing to pursue them now that he has been transferred to another prison. *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975).

REVERSED in part, AFFIRMED in part, and REMANDED.

Each party to bear its own costs on appeal.